UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN SCHMIDT and ANTHONY KRETZER, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EMTERRA ENVIRONMENTAL USA CORP, <br><br> Defendant. | Case No. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs—Shawn Schmidt ("Schmidt") and Anthony Kretzer ("Kretzer")—bring this action individually and on behalf of all current and former Drivers and Helpers/Throwers (collectively, "Plaintiffs and the Putative Collective Members"), who worked for Defendant—Emterra Environmental USA Corp ("Emterra")—anywhere in the United States, at any time during the relevant statutes of limitations, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19.

# I.
# OVERVIEW

1. Plaintiffs and the Putative Collective Members are all victims of Emterra's common policies and practices of not paying their employees for all overtime hours worked, in violation of the FLSA.

2. Although Plaintiffs and the Putative Collective Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

3. At all relevant times, Emterra knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective Members for the proper amount of overtime on a routine and regular basis.

4. Specifically, Emterra's regular practice—including during weeks when Plaintiffs and the Putative Collective Members worked and recorded hours in excess of forty (40) (not even counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiffs' and the Putative Collective Members' daily work time even though they regularly performed (and continue to perform) compensable work "off the clock" through their respective meal-period breaks.

5. The effect of Emterra's practices were (and are) that all compensable time worked by Plaintiffs and the Putative Collective Members was not (and is not) counted and paid—specifically, Emterra failed to properly compensate Plaintiffs and the

2

Putative Collective Members for all overtime hours worked at the rate required under the FLSA.

6. Emterra knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective Members for the proper amount of overtime on a routine and regular basis during the relevant statute(s) of limitations under the FLSA.

7. Plaintiffs and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiffs and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiffs also pray that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Schmidt was employed by Emterra in Bad Axe, Michigan from approximately November of 2020 until March of 2023 as a Roll Off Driver.

11. Plaintiff Schmidt did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. Plaintiff Kretzer was employed by Emterra in Flint, Michigan from approximately 2015 until June 2022 as a Helper.

13. Plaintiff Kretzer did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

14. The FLSA Collective Members are all current and former Drivers and Helpers/Throwers who were employed by Emterra at any time from February 12, 2022, through the final disposition of this matter.

15. Defendant Emterra Environmental USA Corp ("Emterra") is a domestic for-profit corporation, that is licensed to do business in the State of Michigan, and may be served through its registered agent for service of process: **Nick Wolinski, 1606 E. Webster Road, Flint, Michigan 48505.**

## III.
## JURISDICTION & VENUE

---

[1] The written consent of Shawn Schmidt is attached as Exhibit A.

[2] The written consent of Anthony Kretzer is attached as Exhibit B.

16. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA 29 U.S.C. § 216(b).

17. Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

18. This Court has general personal jurisdiction over Emterra because its corporate headquarters are located in Flint, Michigan.

19. This Court has specific personal jurisdiction over Emterra because the actions and omissions giving rise to Plaintiff's claims occurred in Michigan.

20. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Additionally, Emterra maintains its company headquarters in Flint, Michigan which is located within this District and Division.

## IV.
## BACKGROUND FACTS

22. Emterra is a full-service solid waste company providing waste collection, recycling, and disposal services to commercial, industrial, and residential customers throughout the State of Michigan.[3]

---

[3] https://www.emterrausa.com/pages/about-emterra-group.

5

23. To provide its services, Emterra employed (and continues to employ) hundreds (if not thousands) of Drivers and Helpers/Throwers—including Plaintiffs and the individuals that make up the putative collective.

24. Plaintiffs and the Putative Collective Members were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

25. Plaintiffs and the Putative Collective Members were responsible for the collection, transportation, and disposal of residential and commercial waste on behalf of Emterra's customers.

26. While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

27. Importantly, none of the FLSA exemptions relieving a covered employer (such as Emterra) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Collective Members.

28. During their employment with Emterra, Plaintiffs and the Putative Collective Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day.

29. Plaintiffs and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Emterra resulting in the complained of FLSA violations.

30. Plaintiffs and the Putative Collective Members are similarly situated with respect to their job duties – that is, they are (or were) responsible for (or aided) the

6

collection, transportation, and disposal of residential and commercial waste on behalf of Emterra's customers.

31. Plaintiffs and the Putative Collective Members are similarly (if not identically) situated with respect to their pay structure in that they are all paid on an hourly basis and Emterra automatically deducts thirty (30) minutes for a meal period each workday.

32. Plaintiffs and the Putative Collective Members are therefore similarly situated with respect to Emterra's common policies and practices resulting in the complained of FLSA violations.

33. Emterra engages in a common policy and practice of automatically deducting one 30-minute meal period from Plaintiffs' and all Putative Collective Members' daily working time.

34. Emterra was (and continues to be) aware that Plaintiffs and the Putative Collective Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

35. Emterra's automatic thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiffs and the Putative Collective Members working overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

36. Emterra knew Plaintiffs and the Putative Collective Members did not take a meal break because Plaintiffs and the Putative Collective Members did not indicate they took a meal break in the written route sheet(s) they provided to Emterra each day at the end of their respective shift(s).

37. Emterra also knew Plaintiffs and the Putative Collective Members did not take breaks because Plaintiffs and the Putative Collective Members informed their respective Emterra supervisors that they regularly did not take a meal break.

38. Emterra also engaged in continuous monitoring of Plaintiffs and the Putative Collective Members' vehicles—both through GPS tracking of their vehicles and video surveillance of the interior cabins of their vehicles—and therefore had actual knowledge that Plaintiffs and the Putative Collective Members were not taking their 30-minute meal period breaks each day.

39. As a result of Emterra's failure to compensate Plaintiffs and the Putative Collective Members for compensable work performed "off the clock," Plaintiffs and the Putative Collective Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

40. Emterra knew or should have known that it was not (and is not) compensating Plaintiffs and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

41. Emterra's actions therefore constitute willful violations under the law and were not made in good faith.

42. Emterra's failure to compensate Plaintiffs and the Putative Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA.

43. Emterra knew or should have known that it was not (and is not) compensating Plaintiffs and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

44. Emterra knew or should have known that its failure to pay the correct amount of overtime to Plaintiffs and the Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Collective Members.

45. Because Emterra did not pay Plaintiffs and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Emterra's pay policies and practices willfully violated (and continue to violate) the FLSA.

46. Plaintiffs and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

# V.
# CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

47. The preceding paragraphs are incorporated as though fully set forth herein.

48. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER DRIVERS AND HELPERS/THROWERS WHO WORKED FOR EMTERRA ENVIRONMENTAL USA CORP, AT ANY TIME FROM FEBRUARY 12, 2022 THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

49. At all material times, Emterra has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

50. At all material times, Emterra has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

51. At all material times, Emterra has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an

10

annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. Specifically, Emterra operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

53. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Emterra, these individuals provided services for Emterra that involved interstate commerce (as described above) for purposes of the FLSA.

54. In performing work for Emterra, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Specifically, Plaintiffs and the FLSA Collective Members are (or were) hourly employees who assisted Emterra's customers and employees throughout the United States. 29 U.S.C. § 203(j).

56. The proposed FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 48.

57. The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Emterra.

## B. FAILURE TO PAY OVERTIME UNDER THE FLSA

58. Emterra violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

59. Moreover, Emterra knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

60. Emterra knew or should have known its pay practices were in violation of the FLSA.

61. Emterra is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

62. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Emterra to pay them according to the law.

63. The decision and practice by Emterra to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was not reasonable or in good faith.

64. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action collectively on behalf of the FLSA Collective, who were all employed by Emterra at any time during the full statute of limitations period. *See* ¶ 48.

67. Plaintiffs are similarly situated to the FLSA Collective with regards to, *inter alia,* the work they all performed and the manner in which they were all paid.

68. Indeed, Plaintiffs and the FLSA Collective were all subject to Emterra's uniform and unlawful time-deducting and payment policies and practices.

69. The other FLSA Collective Members have also been victimized by Emterra's uniform policies and practices, which are willful violations of the FLSA.

70. Emterra's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from automatic and uniformly applicable policies and practices of Emterra, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

71. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

74. Although the amount of damages may differ for individuals, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Emterra will retain the proceeds of their violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the class and provide for judicial consistency.

77. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 47.

## VI.
## RELIEF SOUGHT

78. Plaintiffs respectfully pray for judgment against Emterra as follows:

    a. For an Order certifying the FLSA Collective as defined in ¶ 48;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to § 16(b) of the FLSA finding Emterra liable for unpaid wages, including unpaid overtime wages, due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding the costs of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiffs service awards as permitted by law;

    h. For an Order compelling the accounting of the books and records of Emterra, at Emterra's expense (should discovery prove inadequate); and

      i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:  February 12, 2025          Respectfully submitted,

                      By:   */s/ Clif Alexander*
                                **Clif Alexander**
                                Texas Bar No. 24064805
                                clif@a2xlaw.com
                                **Austin W. Anderson**
                                Texas Bar No. 24045189
                                austin@a2xlaw.com
                                **Carter T. Hastings**
                                Texas Bar No. 24101879
                                carter@a2xlaw.com
                                **ANDERSON ALEXANDER, PLLC**
                                101 N. Shoreline Blvd., Suite 610
                                Corpus Christi, Texas 78401
                                Telephone: (361) 452-1279
                                Facsimile: (361) 452-1284

                                **Jennifer McManus**
                                Michigan Bar No. P65976
                                jmcmanus@faganlawpc.com
                                **FAGAN MCMANUS, P.C.**
                                25892 Woodward Avenue
                                Royal Oak, Michigan 48067-0910
                                Telephone: (248) 542-6300
                                Facsimile: (248) 542-6301

                                *Counsel for Plaintiff and Putative*
                                *Collective/Class Members*